UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTINE RODRIGUEZ,

                           Plaintiff,

-against-

PRESIDENT HOSPITALITY LLC,

                          Defendants.
-------------------------------------------------------X

**COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, Christine Rodriguez, by her attorney, The Rose Law Group PPLC upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff, as a former hourly employee of Defendant President Hospitality LLC, brings this action against Defendant pursuant to the Fair Labor Standards Act ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours she was required to report to work, ready to perform work and actually performed work duties as well as for the overtime premium required under both the FLSA and NYLL. She seeks to recover unpaid back wages and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiff also brings this claim under the NYLL for retaliation after she was terminated for objecting to practices which violate the NYLL's proscription on withholding portions of employees' earnings without consent.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this district based upon Defendants' residency within Kings County, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. That at all times relevant hereto, Plaintiff Christine Rodriguez ("Rodriguez") is a resident of the State of New York and Kings County.

7. Plaintiff Rodriguez is and was, during all relevant times, an employee for Defendant President Hospitality, LLC ("President Hospitality").

8. That at all times relevant hereto, Defendant President Hospitality was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

9. That at all times relevant hereto, Defendant President Hospitality does business in the State of New York.

10. That at all times relevant hereto, Defendant President Hospitality is located at 267 3rd Ave, Brooklyn, NY 11215.

## MATERIAL FACTS

11. Plaintiff Rodriguez is a Hispanic female.

12. In or around August of 2013, Plaintiff Rodriguez was hired by Defendant President Hospitality as a Front Desk Receptionist. Ms. Rodriguez already had previous work experience in this field so she performed her job efficiently and needed no more than three days' worth of training.

13. Plaintiff Rodriguez's position required that she check guests in and out from the hotel, acquire all payments from guests, answer multiple phone lines with guest request or complaints, make

future reservations, answer questions about the hotel and or local area, monitor housekeepers, as well any other normal checkouts and services of the day. Ms. Rodriguez was required to work four days a week, with a sum of 35 hours and occasional overtime. Ms. Rodriguez starting pay rate was $8.50 an hour.

14. Plaintiff Rodriguez performed her job tasks to the best of her abilities, even receiving great reviews from hotel guests. She received a raise of .50 cents after three months, then a following .50 cent raise after another three months, and her last raise six months after of $1.00 more per hour.

15. In or around 2014, Plaintiff Rodriguez's was instructed to work additional hours that consisted of anywhere between ninety-five (95) hours and one hundred forty six (146) hours in total every two weeks.

16. Plaintiff Rodriguez's paychecks only compensated her for hours up to forty (40) a week. Defendants paid the remaining amount in cash using only the normal hourly rate without the legally mandated overtime premium.

17. Throughout Plaintiff Rodriguez's employment, her work efficiency was excellent and she was never disciplined for her performance.

18. In or around 2015, Plaintiff Rodriguez requested a promotion to the position of Assistant Manager. Ms. Rodriguez would have gained benefits and an increase in her pay rate by $1.50 an hour. This promotion would also require more responsibilities and an increase in overtime to handle last minute issues, working five days a week, responding to guests' email, training new front desk employees, and managing payroll for the entire hotel staff.

19. Plaintiff Rodriguez was told the job would also require her to receive a "split pay", half in cash and half by check.

20. Despite this promotion, Plaintiff Rodriguez was still required to perform as her primary

responsibility non-managerial duties and was not paid the legally mandated overtime premium for hours worked over forty (40) each week.

21. In or around September of 2015, an employee of Defendant President Hospitality was caught stealing money from cash-paying hotel guests after the activity went unnoticed for several weeks. The employee was terminated by the General Manager after immediately being informed of the situation.

22. At no time during Plaintiff Rodriguez's employment did she witness, take part, or supervise the employee that was caught stealing the incoming cash.

23. On the same day of the employee's termination, Plaintiff Rodriguez was called into the General Manager's office in order to discuss the situation. The General Manager told Ms. Rodriguez that due to the missing money the company would have no choice but to cut her pay in half until the money was replaced. Ms. Rodriguez disagreed with the proposal and did not find it right that she was told she would be penalized for money she did not take.

24. This objection was protected under the NYLL which prohibits illegal deductions from an employee's pay without consent.

25. Following the meeting, Plaintiff Rodriguez allowed Defendant to cut her pay in half but only for a short time. The money was later replaced by Defendant after Plaintiff objected further to this illegal action.

26. Not long after, Defendant's Manager, the wife of the General Manager, made it difficult for Ms. Rodriguez to continue to work. The harassment was effectuated in order to force Ms. Rodriguez to quit in retaliation for her objecting to the illegal deductions from her wages.

27. Ms. Rodriguez confronted the Manager and General Manager to inform them she would not be quitting despite their retaliatory actions.

28. In or around January of 2016, the harassment increased.

29. On or about January 8, 2016, the Manager began to make minor, unprofessional complaints about paper work done by Plaintiff Rodriguez with the intent of finding a means of justifying discipline or a termination.

30. At no time during Plaintiff Rodriguez's employment did she have any complaints made towards her before her complaint about illegal deductions from her paychecks.

31. Ms. Rodriguez worked long hours every week, stayed at work when issues occurred, helped new agents resolve problems, and worked vigorously in all other tasks.

32. On or about January 8, 2016, Plaintiff Rodriguez defended herself though text message by informing the Manager that she rather be terminated than face harassment on a daily basis.

33. On or about January 9, 2016, Plaintiff Rodriguez worked a full shift without any troubles.

34. On or about January 11, 2016, Plaintiff Rodriguez noticed she was not on the main schedule for the work week and immediately sent an email to her manager in order to inform her of the schedule situation and to clarify that she did not quit nor resign. Only a few hours later, her manager responded with a poorly written termination letter, claiming the reason for Ms. Rodriguez's termination was due to "insubordination."

35. This termination was due to Plaintiff's complaint about illegal deductions from her paycheck.

36. Plaintiff has lost pay to which she is entitled to under the New York Labor Laws and has damages in an amount yet to be determined.

37. Defendant President Hospitality is and was an employer under the NYLL and FLSA and they did more than $500,000.00 in business each year Plaintiff worked there and handled goods in interstate commerce.

38. Defendant violated the NYLL and FLSA by not paying the legally mandated overtime premium.

39. Defendant President Hospitality's violation of the NYLL was done with knowledge of the

law and with full understanding that this policy violated the law.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

41. Defendant willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff for all hours worked during her employment.

42. Defendant failed to pay the legally mandated overtime premium for hours worked over forty (40) during Plaintiff's employment.

43. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

45. Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

46. Defendant failed to pay Plaintiff any time in a half rate of pay for certain hours when Plaintiff was required to be at work, ready to work, and actually performing the work.

47. Defendant's failure to comply with the New York Labor Law overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

48. Defendant's violation was willful.

49. Defendant failed to pay overtime pay as is required by the New York Labor Law.

50. On account of such violations, Defendant is liable to Plaintiff for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

52. Plaintiff complained to Defendants about the illegal deduction from her paycheck which is a violation of the wage and hour law.

53. Defendant then retaliated against Plaintiff by terminating her employment.

54. This action violates the New York Labor Law § 215.

55. As a result of this violation, Plaintiff has suffered and continues to suffer loss of wages, benefits and emotional damages for which Defendants are liable.

56. Plaintiff is further entitled to reinstatement, liquidated damages, injunctive relief and attorneys' fees and costs.

## JURY DEMAND

57. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYLL and FLSA by failing to pay Plaintiff the legally mandated overtime premium for hours worked in excess of forty;

B. Awarding damages to the Plaintiff, retroactive to the date of the failure to promote for all lost wages and benefits resulting from Defendant's unlawful refusal to pay her and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

7

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
July 22, 2016

**THE ROSE LAW GROUP, PLLC**

_/s/ Jesse Rose_

Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595